JOHN LEKOMITROS (EMPLOYE), RESPONDENT, v. R. C. CAN COMPANY (EMPLOYER), AND SOUTHERN SURETY COMPANY (INSURER), APPELLANTS.—46 S. W. (2d) 963.

St. Louis Court of Appeals.  Opinion filed March 8, 1932.

*Durham & Sparling, David Lynn,* and *John J. McNulty* for appellants.

*W. J. Blesse* and *William Kohn* for respondent.

NIPPER, J.—This is an appeal from a judgment of the circuit court of the City of St. Louis, reversing the finding and judgment of the Workmen's Compensation Commission. The Workmen's Compensation Commission denied compensation to plaintiff, and the circuit court reversed this judgment, and remanded the cause to the commission, with directions to enter a judgment for plaintiff. Plaintiff was an employee of the R. C. Can Company. Southern Surety Company was the insurance carrier for the employer.

The claim filed by the plaintiff alleged that on March 10, 1930, at the place of business of his employer, while taking a case of can bottoms off of a pile, the weight of the case caused him to strike his right elbow against another box, injuring his right arm, for which he claims compensation based on a weekly wage of $19.80.

The employer and insurer filed their answer to the claim, denying any injuries to plaintiff, and charging that if he was suffering any physical disability, such condition had no connection with any injuries he is alleged to have received while in the employ of R. C. Can Company, and alleging also that the ailment of plaintiff, if any, did not arise out of or in the course of his employment.

There was a hearing before the referee, and the referee sustained plaintiff's claim.

The case was then tried before the commission, and the claim disallowed, the commission finding that plaintiff's condition was not due to any injury.

Plaintiff testified that he was a laborer for the R. C. Can Company, and that on or about March 10, 1930, while in the course of his employment, he was attempting to remove a box of can bottoms from a pile, and struck his right elbow on the side of another pile of boxes. He was alone at the time, and he rubbed his elbow until it got a little better. He could not close his fingers, and his hand and arm were numb. Around eight o'clock that night his arm got sore. The next day he went to his employer's place of business with his

arm inside his coat. He informed his foreman of the situation, and he was sent to a Dr. Coffee. He there informed the doctor as to how and when he had hurt himself. He testified that he visited Dr. Coffee several times, who bandaged his arm and put an electric light over it. When he did not improve, he asked for another doctor, and they sent for Dr. Bennett, who also treated him.

The foreman for the can company testified that the plaintiff came to work and said he hurt his elbow the day before, and had his arm under his coat. He gave him an order for a doctor on the same day.

Dr. Coffee testified that he received the plaintiff as a patient from the can company; that the claimant said his elbow was hurting as a result of having bumped it, but he found no external evidence of any injury, and bandaged his arm with a dry bandage, and treated it with an electric light.

The report of Dr. Coffee to the Workmen's Compensation Commission regarding the accident stated that the claimant had sustained a severe contusion of the right elbow; that an X-ray revealed no recent bone pathology; that medical aid would probably be required for two weeks, and that disability would probably last ten days. His report to the can company also diagnosed the injury as a severe contusion of the right elbow. Dr. Coffee, however, in explaining this matter in his testimony before the referee, said that the arm was badly swollen eventually, and there was some redness of the soft tissues, but this was not in the location that the plaintiff was complaining of; that there was quite a little swelling of the forearm, and that from the description of the injury the plaintiff gave him, he would say that it was not of sufficient violence to produce so profound a result as plaintiff shows. The doctor expressed the opinion that the plaintiff's condition was due to rheumatic involvement, and had no connection with any injury; that the pain plaintiff complained of was out of proportion with the amount that would be expected from a small bump on the arm without having a fracture; that he found no evidence of a bump on the arm; that, in his opinion, the condition found could not be the result of a blow on the arm; that a blow on the arm might aggravate a rheumatic condition: that in making his report, wherein he stated that claimant was suffering from a contusion of the right elbow, he was simply making a report of what claimant had told him, because he usually wanted to give the claimant the break, and resolve all doubts in his favor, and he was simply stating what the claimant or plaintiff told him at the time, which was in fact not a correct diagnosis.

Dr. Bennett also stated that, in his opinion, it was a rheumatic condition; that a bump would not cause all the conditions that the plaintiff had: that he thought plaintiff's condition was due to rheumatic arthritis, and that an injury might hasten it and set up a condition.

Counsel for respondent seeks to sustain the judgment of the trial court, upon the theory that there was no substantial evidence to sustain the award of the commission, dismissing plaintiff's claim. It is useless to restate the law here that the finding of the commission has the force and effect of the verdict of a jury, and if there is substantial evidence to sustain such finding, neither this court nor the circuit court has any right or authority to interfere. Where the facts are practically conceded or admitted and the commission erroneously misapplies the law to such facts, a different rule prevails. From the facts, as above stated, it appears there was sufficient evidence from which the commission might have found that plaintiff received an injury arising out of and in the course of his employment, which would entitle him to compensation. There is substantial evidence, however, to the contrary. There is evidence that plaintiff's condition was rheumatic arthritis, and that the injury he received on his elbow had nothing to do with the condition from which he was suffering. The commission so found, and the court was without authority to interfere with that finding.

The judgment of the circuit court is, accordingly, reversed, and the cause remanded with directions to enter judgment affirming the award of the commission. *Haid, P. J.,* and *Becker, J.,* concur.